IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| JENNIFER LEE, as the mother and natural guardian of A.R.L., an infant under the age of eighteen, and JENNIFER LEE, individually,<br><br>Plaintiffs,<br><br>– against –<br><br>MAKSIM KEALEY,<br><br>Defendant. | Case No. 2:24-cv-00860<br><br>**COMPLAINT** |

Plaintiffs Jennifer Lee, as the mother and natural guardian of A.R.L., an infant under the age of eighteen, and Jennifer Lee, individually ("Plaintiffs"), by and through their counsel, Perrone Law LLC and Cullenberg & Tensen PLLC, complaining of Defendant Maksim Kealey ("Defendant"), allege as follows:

**THE PARTIES**

1. At all times hereinafter mentioned, Plaintiffs are citizens of the State of Vermont.

2. At all times hereinafter mentioned, Defendant is a citizen of the State of New Hampshire.

3. At all times hereinafter mentioned, Defendant owned a 2017 Honda Accord bearing temporary license plate number X85627 (the "Honda Accord").

4. At all times hereinafter mentioned, Defendant operated the Honda Accord.

5. At all times hereinafter mentioned, Defendant maintained the Honda Accord.

6. At all times hereinafter mentioned, Defendant controlled the Honda Accord.

**JURISDICTION**

7. Jurisdiction and venue are proper in this Court.

8. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this lawsuit is between citizens of different States.

9. Venue is properly placed in the United States District Court for the District of Vermont since the acts complained of took place here, Plaintiffs reside here, and this is the most convenient place for the trial of this action.

## THE UNDERLYING FACTS

10. At all times hereinafter mentioned, Vermont Route 113 ("VT-113"), including at or near its intersection with Berger Road, was and is a public thoroughfare in the State of Vermont, Town of Thetford.

11. Defendant and A.R.L. were at, near and/or inside the residence located at 180 Birch Hill Lane, Norwich, Vermont on the evening of June 1, 2024 up to, through and until the early morning hours of June 2, 2024.

12. On June 2, 2024 at or about 2:39 a.m., Defendant, A.R.L. and a third teenager left the residence located at 180 Birch Hill Lane, Norwich, Vermont in the Honda Accord, which was operated by Defendant.

13. Instead of dropping off A.R.L. and the third teenager at the CVS located at 79 S. Main Street, Hanover, New Hampshire, as planned, Defendant drove the Honda Accord onto VT-113 in the direction heading toward Thetford, Vermont.

14. At all times hereinafter mentioned, A.R.L. was a backseat passenger wearing her seatbelt in the Honda Accord, which was operated by Defendant on VT-113 in the aforementioned vicinity on or about June 2, 2024.

15. At all times hereinafter mentioned, Defendant was under the influence of alcohol and/or other substances and operated the Honda Accord under the influence of alcohol and/or other substances in violation of 23 V.S.A. §§ 1201 and 1216.

16. Defendant caused the Honda Accord to crash on VT-113 at or near its intersection with Berger Road due to his recklessness, carelessness and negligence, as a proximate cause of which A.R.L. suffered severe and permanent personal injuries.

17. After leaving 180 Birch Hill Lane, Norwich, Vermont, Defendant operated the Honda Accord at speeds exceeding 120-mph and, upon information and belief, Defendant was operating the Honda Accord at a speed exceeding 100-mph when the crash occurred.

18. Defendant was told to slow down and let A.R.L. out of the Honda Accord numerous times after they left 180 Birch Hill Lane, Norwich, Vermont and before Defendant crashed the vehicle, but Defendant ignored those pleas.

19. Prior to June 2, 2024, Defendant publicly expressed that he "feel[s] happy in [his] own misery" and takes steps to "purposefully" jeopardize his future and, upon information and belief, the conduct in which he engaged on June 1-2, 2024—including the unlawful consumption of alcohol and/or other substances, driving under the influence and operating a motor vehicle at speeds exceeding 120-mph—was aimed at furthering jeopardizing his future and fueling the happiness he derives from misery.

## FIRST CAUSE OF ACTION

*On behalf of Plaintiff Jennifer Lee, as the mother and natural guardian of A.R.L.,
an infant under the age of eighteen*

20. Plaintiff Jennifer Lee, as the mother and natural guardian of A.R.L., an infant under the age of eighteen ("Plaintiff" for purposes of this Cause of Action) reiterates and re-alleges each of the foregoing allegations with the same force and effect as if fully set forth herein.

21. Defendant was reckless, careless and negligent in the ownership, operation, management, maintenance and control of the Honda Accord; in operating the Honda Accord at an excessive rate of speed; in operating the Honda Accord at a rate of speed evincing a reckless and knowing disregard for the safety of Plaintiff and others; in causing and failing to prevent the crash; in failing to keep a proper lookout; in failing to observe the roadway conditions existing prior to, and at the time of, the crash; in failing to exercise due care; in failing to see what should be seen; in failing to make proper and timely use of brakes, horns and other devices; in traveling at a rate of speed that exceeded the applicable and posted speed limit; in operating the Honda Accord under the influence of alcohol and/or other substances; in violating all applicable laws, rules and regulations, including, but not limited to, 23 V.S.A. §§ 1081, 1091, 1095b, 1097, 1099, 1134, 1134b, 1201 and 1216; and Defendant was otherwise reckless, careless and negligent.

22. As a direct and proximate cause of Defendant's negligence, Plaintiff was caused to suffer severe and permanent personal injuries, including, but not limited to, injury to head, neck, back, ribs, liver, kidneys, and other parts of the body; L2 spine fracture 3 column with tear of ligamentum flavum tear of posterior longitudinal ligament and tear of intraspinous ligament L2-3 with epidural hematoma reaching T12 and traumatic cerebral spinal fluid leak; pneumoperitoneum with mesenteric hematoma and complex free fluid; right perinephric hematoma and bilateral grade 3 renal lacerations; small left C7 cervical riblet; free intraperitoneal air with complex free fluid and mesenteric hematoma consistent with hollow viscus injury; multiple bilateral grade 3 renal lacerations; right perinephric hematoma; bilateral psoas muscle lacerations with hematoma; acute 2 column fracture of L2; multiple lumbar spine transverse process fractures; acute fracture of the posterior left 11th rib; two adjacent linear hyperattenuating foci in the left retroperitoneum; complex 3 column flexion distraction L2 fracture; fracture of L1 spinous process, with fracture of

the right L1 lamina; transverse process fractures at L1, L2 and L3; L2 spine fracture 3 column with tear of ligamentum flavum tear of posterior longitudinal ligament and tear of intraspinous ligament L2-3 with epidural hematoma reaching T12; epidural hematoma causing compression of the cauda equina nerve roots at the L2 and L3 levels; spinal subarachnoid hemorrhage; tear of the ligamentum flavum at L2; tear of the right side of the posterior longitudinal ligament at L2; teat of the interspinous ligament at L2-3; stripping of the anterior longitudinal ligament from the inferior aspect of the L2 vertebra; multiple musculature tears with hemorrhages; liver contusion; duodenal perforation; retroperitoneal pelvic abscesses; right superior eyelid ecchymosis and lateral sup conjunctival hematoma and laceration; unstable burst fracture of second lumbar vertebra with delayed healing; required diagnostic/exploratory laparotomy on June 2, 2024; required instrumented fusion T12-L4 (skipped L2), with L2 decompression and traumatic cerebral spinal fluid leak repair on June 3, 2024; required surgical repair of duodenal perforation with ABThera placement on June 5, 2024; required surgical re-opening of laparotomy after repair of duodenal perforation repair on June 6, 2024; required surgical re-opening of laparotomy for Graham patch reinforcement over prior duodenal repair on June 9, 2024; aggravation, exacerbation and worsening of anxiety and depression; required and will continue to require diagnostic testing; unable to engage in activities of daily living as previously; required and requires pain medication; required and requires physical therapy; future surgeries are anticipated; required hospital and medical care, and will require such care in the future; osteoarthritis and arthritis are anticipated; extreme pain and suffering; mental anguish and distress; unable to school and household duties as previously; and Plaintiff has been otherwise damaged, all of which damages are permanent in nature and continuing into the future.

23. The conduct of Defendant so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society, and was undertaken with complete and knowing disregard of the severe emotional, mental and physical distress it was certain to cause and, in fact, did cause Plaintiff. Defendant acted deliberately and willfully in violating the laws of State of Vermont by operating the Honda Accord at speeds exceeding 100-mph while under the influence of alcohol and/or drugs and, thus, punitive damages should be awarded.

24. By reason of the foregoing, Plaintiff is entitled to recover all of her damages from Defendant, including punitive damages.

## SECOND CAUSE OF ACTION

*On behalf of Plaintiff Jennifer Lee*

25. Plaintiff Jennifer Lee ("Plaintiff" for purposes of this Cause of Action) reiterates and re-alleges each of the foregoing allegations with the same force and effect as if fully set forth at length herein.

26. At all relevant times, Plaintiff was, and continues to be, the mother and natural guardian of A.R.L.

27. As a direct and proximate cause of the negligence of Defendant, Plaintiff has suffered, and will continue to suffer the loss of consortium, companionship, society, love, comfort, affection, and solace of A.R.L., as well as the day-to-day services A.R.L. would have rendered but for the negligence of Defendant.

28. In addition, as a direct and proximate cause of the negligence of Defendant, Plaintiff has been forced, and will continue to be forced, to take time off from work and, thus, suffer a loss of income to provide care-taking, nursing, medical and other services for A.R.L., the reasonable value of which she is entitled to recover.

29. By reason of the foregoing, Plaintiff is entitled to recover all of her damages from Defendant, including, but not limited to, loss of parental or filial consortium, past and future lost earnings, and punitive damages.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all claims so triable.

WHEREFORE, Plaintiffs demand judgment against Defendant to recover all damages properly recoverable, including punitive damages, together with interest and costs.

Respectfully Submitted,

/s/ Arend R. Tensen
Arend R. Tensen
**CULLENBERG & TENSEN, PLLC**
199 Heater Road, Suite 2
Lebanon, NH 03766
(603) 448-7100
tensen@nhvt-injurylaw.com

Daniel C. Perrone (Pro Hac Vice Forthcoming)
**PERRONE LAW LLC**
3600 NJ-66, Suite 150
Neptune, New Jersey 07753
(833) 287-6748
dcp@theperronefirm.com